# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:13-cv-235-RJC

| | |
|---|---|
| FREDERICK CANADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU HARRIS, Nurse, et al., ) | **ORDER** |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e) and 1915A, and on Plaintiff's Motion to Amend/Correct Complaint, (Doc. No. 12). Plaintiff, who is proceeding pro se, filed a Complaint in this Court on April 16, 2013, pursuant to 42 U.S.C. § 1983. (Doc. No. 1). On May 15, 2013, this Court entered an Order requiring an initial partial payment from Plaintiff's inmate trust account. (Doc. No. 5).

## I. BACKGROUND

Plaintiff is a state court inmate currently incarcerated at Scotland Correctional Institution in Laurinburg, North Carolina. Plaintiff has named as Defendants FNU Harris and FNU Melvin, both alleged to be nurses at Lanesboro Correctional Institution at all relevant times. Plaintiff also purports to name as a Defendant the "Medical Department" at Lanesboro. Plaintiff alleges that on January 30, 2013, while he was incarcerated at Lanesboro, Defendant Nurse Harris failed to bring Plaintiff his asthma pump as ordered by a doctor at Lanesboro. (Doc. No. 1 at 5). Plaintiff further alleges that, on that same day, Defendant Melvin failed to give Plaintiff his medication for high blood pressure as ordered by a doctor at Lanesboro. (<u>Id.</u>). Plaintiff alleges that a doctor

1

had ordered that Plaintiff must be given his high blood pressure medication twice a day, once in the morning and once at night, and that a doctor had also ordered that Plaintiff must be allowed to use an asthma pump four times a day. Plaintiff alleges that Defendant Melvin did not bring Plaintiff his high blood pressure medicine on the night of January 30, 2013, and that Defendant Harris did not bring Plaintiff his asthma pump at 3 p.m. or at 8 p.m. on January 30, 2013. (Id. at 6). Defendant Plaintiff alleges that he "was having short[ness] of breath when [Defendant Harris] fail[ed] to bring me my asthma pump, I was feeling [light-headed] and dizzy and hurting around my [kidneys] from not having my high blood [pressure] meds, and for not getting the meds that the doctor order[ed] for me. I was in serious pain and suffer for not having the meds." (Id. at 3). Based on these factual allegations, Plaintiff purports to bring a claim for a violation of his Eighth Amendment rights based on Defendants' alleged deliberate indifference to Plaintiff's serious medical needs.

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or

delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

**III.    DISCUSSION**

The Court first addresses Plaintiff's motion to amend the Complaint, in which Plaintiff states that he wishes to "add" Lanesboro Superintendent Ken Beaver as a Defendant. The motion to amend is denied, as Plaintiff has not submitted a proposed amended complaint. Furthermore, Plaintiff does not allege any personal involvement by Defendant Beaver. Plaintiff states that a "John Doe" referred to in the Complaint was intended to refer to Defendant Beaver, but the Complaint simply does not include any allegations as to a "John Doe." Moreover, it is well settled that there is no liability based on respondeat superior in Section 1983 actions. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Thus, the Court will deny Plaintiff's motion to amend the Complaint to add Beaver as a Defendant.

The Court finds that Plaintiff fails to state a claim for deliberate indifference to serious medical needs as to Defendants.[1] In Farmer v. Brennan, the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27

---

[1]   The Court observes that Defendant "Medical Department" of Lanesboro is not a legal entity capable of being sued. Thus, to the extent that Plaintiff has attempted to name the "Medical Department," Plaintiff cannot bring a claim against this named Defendant. Additionally, in his prayer for relief, Plaintiff states that he wants "this court [to] enter judgment." (Doc. No. 1 at 8). To the extent that Plaintiff seeks only declaratory relief or injunctive relief, his claim for deliberate indifference to serious medical needs is moot because he has been transferred away from Lanesboro. Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) (stating that "as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there").

(1992)).  This is a low standard, as the Supreme Court emphasized that "[p]rison conditions may be restrictive and even harsh."  Id. at 833 (internal quotations omitted).  To sustain an Eighth Amendment claim, a prisoner must show (1) that the deprivation was objectively sufficiently serious—that is, the deprivation must be a "denial of the minimal civilized measure of life's necessities" and (2) that the defendant was deliberately indifferent to the prisoner's health or safety.  Id. at 834 (internal quotations omitted).  Thus, "[d]eliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care."  Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001).

Here, Plaintiff alleges only one incident, on a single day, when Defendants failed bring Plaintiff his blood pressure medication and an asthma pump as ordered by a doctor at Lanesboro. This single, isolated incident, allegedly occurring on one day, does not rise to the level of deliberate indifference sufficient to violate the Eighth Amendment.[2]  See Mayweather v. Foti, 958 F.2d 91, 91 (5th Cir. 1992) (hold that an occasional missed dose of medication does not, without more, constitute deliberate indifference); Bellotto v. Cnty. of Orange, 248 Fed. Appx. 232, 237 (2d Cir. 2007) (finding that county jail did not show deliberate indifference to medical condition of pretrial detainee, when he missed doses of medication due to inadequate monitoring, when only effect was anxiety attack, which was not acute and resulted in no physical injuries); Walker v. Peters, 233 F.3d 494, 501 (7th Cir. 2000) (isolated incidents of delay in administering

---

[2]  An administrative grievance submitted by Plaintiff indicates that Plaintiff complained in a grievance that he had not received his blood pressure medication or his asthma pump on more than one occasion, but he complains only about one date in his Complaint.  Even if the failure to administer the medication occurred on more than one occasion, the administrative grievance indicates that Plaintiff complained only about isolated incidents of Defendants' failure to give him his medication and asthma pump as ordered, which still does not rise to the level of an Eighth Amendment violation.

medications not deliberate indifference); Brandau v. Price, 124 F.3d 191 (5th Cir. 1997) (unpublished table decision) (upholding district court's grant of summary judgment where the plaintiff alleged defendants were deliberately indifferent to his serious medical needs by depriving him of prescribed psychotropic medication for three days); Sprinkle v. Barksdale, No. 7:08cv430, 2009 WL 5173408, at *10 (W.D. Va. Dec. 20, 2009) ("If occasionally, [the nurse defendants] did not deliver a dose of medication as promptly as scheduled, brought a slightly incorrect dose, or allowed the prescription to run out, such isolated incidents, without more, support at most a claim of negligence, which is not actionable under § 1983."); Steelman v. Baker, No. 9:05cv244, 2006 WL 483563, at *4 (E.D. Tex. Feb. 28, 2006) ("While there may have been at times a brief delay in getting some of these medications renewed, and [Plaintiff] also said that he sometimes did not get all the medications required (although he was not specific as to dates, times, or any harm suffered in this regard), he has failed to show that these apparently isolated incidents rose to the level of constitutionally deliberate indifference to his medical needs, rather than negligence or carelessness."). In sum, Plaintiff's allegations fail to state a claim against Defendants for an Eighth Amendment violation based on deliberate indifference to serious medical needs.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff fails to state a claim for deliberate indifference to serious medical needs and this action will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed for failure to state a claim under 28 U.S.C. § 1915(e).
2. The Court notes that Plaintiff is a frequent filer of civil litigation in this Court. Although he does not appear to have already accrued three strikes when he filed this action, he has

since then attained three strikes under 28 U.S.C. § 1915(g). See Canady v. Parson, No. 3:12-cv-42-RJC, 2013 WL 6237994, at *3 (W.D.N.C. Dec. 3, 2013) (noting that Plaintiff had attained three strikes under Section § 1915(g)). Therefore, Plaintiff is now subject to Section 1915(g)'s bar to filing civil actions without prepayment of the filing fee, unless he can show that he is under imminent danger of serious physical injury.

3. Plaintiff's "Motion to Amend Complaint," (Doc. No. 12), is **DENIED**.
4. The Clerk is directed to terminate this action.

Signed: September 9, 2014

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge